IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| **FREDDIE AMERICA,** § § | |
| Plaintiff, § § | |
| v. § | Civil Action No. 4:25-cv-01407-O-BP |
| § | |
| **THE GOVERNOR OF TEXAS,** *et al.*, § § | |
| Defendants. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

On December 12, 2025, *pro se* Plaintiff Freddie America filed a complaint against Defendants The Governor of Texas, The Texas Comptroller of Public Accounts, The Commissioner of Education, The Chief Appraiser of Collin County, and The Board Members of the Collin County Appraisal Review Board, alleging due process violations and seeking injunctive and declaratory relief preventing the imposition of liens and lien foreclosure activities under the State's property tax system. ECF No. 1.

Mr. America's case was referred to the undersigned by a standing order of reference under Special Order 3. ECF No. 5. After reviewing Mr. America's complaint and the applicable legal authorities, the undersigned **RECOMMENDS** that Chief United States District Judge Reed O'Connor **TRANSFER** the case to the United States District Court for the Eastern District of Texas, Sherman Division.

Mr. America's complaint alleges violations of Equal Protection, substantive Due Process, and procedural Due Process, as well as "Ultra Vires Enforcement" of the Texas property tax system. ECF No. 1 at 6-7. Liberally construing Mr. America's suit to arise under the Fourteenth Amendment of the Constitution of the United States, the undersigned construes Mr. America's

complaint to bring claims under 42 U.S.C. § 1983. The Court has subject-matter jurisdiction over these claims. 28 U.S.C. § 1331.

Mr. America contends that venue is proper in the Northern District of Texas because "Plaintiff resides in Collin County, the property at issue is located in this District, and the injuries were inflicted here." ECF No. 3. However, Mr. America is mistaken that venue is proper here.

The general venue statute, 28 U.S.C. § 1391(b), applies to clams under 42 U.S.C. § 1983. *E.g.*, *Read v. Naylor*, No. 5:18-cv-035-M-BQ, 2018 WL 11174781, at *1 (N.D. Tex. Feb. 27, 2018) (citing *Davis v. La. State Univ.*, 876 F.2d 412, 413 (5th Cir. 1989)). Under that statute, venue in a civil action such as this one is proper in:

> 1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

The Court may transfer any civil action to a more convenient forum where it could have been filed originally "[f]or the convenience of parties and witnesses, in the interest of justice," *id.* § 1404(a); *see also Hardwick v. Brinson*, 523 F.2d 798, 800 n.2 (5th Cir. 1975), or it may transfer a case filed in the wrong district or division "to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). A district court may raise the issue of venue *sua sponte*. *See Mills v. Beech Aircraft Corp.*, 886 F.2d 758, 761 (5th Cir. 1989); *see also Empty Barge Lines II, Inc. v. Dredge Leonard Fisher*, 441 F. Supp. 2d 786, 789 (E.D. Tex. 2006) (collecting cases).

The district where a plaintiff such as Mr. America resides is irrelevant to the issue of where a suit is properly filed. As to the issue of the defendants' residence, that information is unclear here since Mr. America does not plead addresses for any defendant. *See generally* ECF No. 1. While it is likely that each defendant has an address either in Austin, Texas or in Collin County, Texas, Mr. America does not say for certain. Most importantly, he does not allege that any has an address in the Northern District of Texas or the Fort Worth Division of that district. Geographically speaking, Collin County is in the northern part of Texas, but it is not a part of the Northern District of Texas. *See* 28 U.S.C. § 124(a); *see also* Fed. R. Evid. R. 201 ("The court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."). Instead, Collin County is in the Eastern District of Texas, Sherman Division. 28 U.S.C. § 124(c)(3). Accordingly, even assuming all defendants are residents of Texas, and at least one defendant's residence in Collin County, this fact still does not establish that venue is proper in the Northern District of Texas. The undersigned notes Mr. America indicated the correct division in his complaint, but the wrong court. *See* ECF No. 1 at 1.

Although Mr. America pleads that "the property at issue is located in this District, and the injuries were inflicted here," ECF No. 1 at 3, he does not plead facts to demonstrate that "a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is subject to the action is situated" in the Northern District of Texas. 28 U.S.C. § 1391(b)(2). Instead, Mr. America's suit appears to challenge his state property taxes. *See generally* ECF No. 1. He asserts that he is a "homeowner and taxpayer in Collin County, Texas" facing foreclosure, and he sues Collin County officeholders. *Id.* at 4. Because Mr. America does not assert any facts to suggest a connection with a county other than a Collin or a district other

than the Eastern District of Texas, *see generally id.*, the undersigned liberally construes "this District" and "here" to erroneously refer to the Northern District of Texas, and instead refer to the federal judicial district in which Collin County is located. That is the Eastern District of Texas. 28 U.S.C. § 124(c)(3).

This case concerns property that is in Collin County. *See, e.g.*, ECF No. 1 at 4. ("Plaintiff Freddie America . . . is a homeowner and taxpayer in Collin County, Texas. He lives under the shadow of an unconstitutional tax system that threatens his home with lien and foreclosure."). The undersigned can discern no connection to the Northern District of Texas in Mr. America's complaint. *See generally* ECF No. 1. Accordingly, the undersigned **RECOMMENDS** that in the interest of justice, Chief United States District Judge Reed O'Connor **TRANSFER** this action to the United States District Court for the Eastern District of Texas, Sherman Division.

**SIGNED** on December 15, 2025.

_____
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE

4