**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| FREDDIE AMERICA, | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:26-CV-00004-MJT-CLS |
| | § | |
| THE GOVERNOR OF TEXAS, THE TEXAS COMPTROLLER OF PUBLIC ACCOUNTS, THE COMMISSIONER OF EDUCATION, THE CHIEF APPRAISER OF COLLIN COUNTY, THE BOARD MEMBERS OF THE COLLIN COUNTY APPRAISAL REVIEW BOARD, | § | |
| *Defendants*. | § | |

**ORDER ADOPTING THE REPORT AND
RECOMMENDATION OF THE MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636 and the Local Rules of Court for the Assignment of Duties to United States Magistrate Judges, this proceeding is before the Honorable Christine L. Stetson, United States Magistrate Judge, for pretrial management. § 636(b)(1); E.D. TEX. LOC. R. CV-72.

On April 15, 2026, Judge Stetson issued a Report and Recommendation [Dkt. 27] advising this Court to grant the Texas Comptroller of Public Accounts and Texas Commissioner of Education's Motion to Dismiss [Dkt. 16]. Plaintiff filed objections to the recommendation on April 20, 2026.[1] [Dkt. 28]. For the reasons below, the Court **OVERRULES** Plaintiff's objections and **GRANTS** the Comptroller and Commissioner's Motion.

---

[1] Judge Stetson would also strike Plaintiff's proposed amended complaint [Dkt. 23] and deny his motion for leave [Dkt. 25] as moot. *See* [Dkt. 27 at 6–7 & n.7]. Plaintiff did not object to these recommendations. Upon review, this Court finds no error and therefore adopts the recommendations, which is reflected below.

## I. LEGAL STANDARD

A party who timely files specific, written objections to a magistrate judge's report and recommendation is entitled to a *de novo* determination of the findings or recommendations to which the party specifically objects. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b)(2)–(3). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. "Frivolous, conclusive or general objections need not be considered by the district court." *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982) (en banc), *overruled on other grounds by Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1412 (5th Cir. 1996) (en banc).

## II. DISCUSSION

*Pro se* Plaintiff Freddie Luis Lopez a/k/a/ Freddie America raises three objections to the Report and Recommendation, which found that Plaintiff lacked standing to bring his claims against the Comptroller and the Commissioner. *See* [Dkt. 28 at 1–3]. The Court addresses each in turn, though there is significant overlap in the legal issues at play.

### A. Plaintiff's Objection No. 1

Plaintiff first claims that Judge Stetson "applie[d] an incorrect legal standard" when assessing redressability. Plaintiff argues that "[t]he relevant inquiry is whether the official has 'some connection with the enforcement of the act.'" [Dkt. 28 at 2] (citing *Ex parte Young*, 209 U.S. 123, 157 (1908)). He is mistaken. The "some connection" standard is a threshold requirement that plaintiffs must prove to seek prospective injunctive relief against specific state-government officials. *La Union del Pueblo Entero v. Nelson*, 163 F.4th 239, 258–59 & n.124 (5th Cir. 2025)

(explaining the "*Ex parte Young* proper defendant inquiry"). While Plaintiff seeks prospective injunctive relief, Judge Stetson did not apply the incorrect standard because she analyzed Plaintiff's standing; she did not engage in an *Ex parte Young* proper-defendant analysis. While "the Article III standing analysis and *Ex parte Young* analysis 'significantly overlap,'" the inquiries "are not completely coterminous." *Healthy Vision Ass'n v. Abbott*, 138 F.4th 385, 399 (5th Cir. 2025) (first quoting *Book People, Inc. v. Wong*, 91 F.4th 318 (5th Cir. 2024); and then quoting *Nat'l Press Photographers Ass'n v. McCraw*, 90 F.4th 770, 786 (5th Cir. 2024)); *see also City of Austin v. Paxton*, 943 F.3d 993, 1002 (5th Cir. 2019) ("Article III standing's requirement of a 'significant possibility of future harm' and the 'connection to enforcement' requirement under [*Ex parte Young*] are not identical," even if "notabl[y] similar[].").  Plaintiff's first objection is **OVERRULED**.[2]

### B. Plaintiff's Objection No. 2

Next, Plaintiff faults Judge Stetson for "requir[ing] complete redress instead of partial redress." [Dkt. 28 at 2]. He asserts that the "Supreme Court has made clear that redressability requires only that relief likely alleviate the injury, not completely eliminate it." [*Id.* at 3] (first citing *Massachusetts v. EPA*, 549 U.S. 497 (2007); and then citing *Duke Power Co. v. Carolina Env't Study Grp., Inc.*, 438 U.S. 59 (1978)). Plaintiff misreads the cases he cites. There is no relaxed redressability standard here. *Massachusetts* concerns a state's "stake in protecting its quasi-sovereign interests," which "is entitled to special solicitude in [courts'] standing analysis." 549 U.S. at 520. And *Duke Power Company* says that standing requires a "substantial likelihood

---

[2] Further, Judge Stetson analyzed Plaintiff's standing as if the court could enter the requested injunctions against the Comptroller and the Commissioner, *see* [Dkt. 27 at 4], effectively assuming that the *Ex parte Young* exception applied.

that the judicial relief requested will prevent or redress the claimed injury," 438 U.S. at 79, not a simple likelihood that the court can partially redress the harm.[3]  This objection is **OVERRULED**.

### C. Plaintiff's Objection No. 3

Last, Plaintiff objects to Judge Stetson's "reliance" on *Okpalobi v. Foster*, 244 F.3d 405, 427 (5th Cir. 2001), which he claims was error because "the defendants had no enforcement authority whatsoever" in *Okpalobi*, whereas "the Defendants here perform ongoing statutory functions that are integral to the implementation and operation of the property-tax system." [Dkt. 28 at 3].  But Plaintiff offers no grounds to support this assertion.[4]  On the other hand, the Report and Recommendation identifies all statutory and constitutional sources of Texas law that mention the Comptroller and the Commissioner and relate to property-tax valuation.  *See* [Dkt. 27 at 4–5]. These provisions confirm the finding that the relief Plaintiff seeks cannot be "implement[ed] . . . by these two Defendants."  [*Id.* at 5].  Plaintiff's third objection is **OVERRULED**.

---

[3] Judge Stetson found no likelihood of redress against the Comptroller or the Commissioner, so Plaintiff would still lack standing under his suggested partial-redressability theory.

[4] He did attach a "Notice of Appraised Value" that he received from the Collin County Central Appraisal District on April 15, 2026.  *See* [Dkt. 28 at 8].  However, this Court enjoys "wide discretion" in "deciding whether to accept additional evidence after a magistrate judge's recommendation has been issued."  *Freeman v. Cnty. of Bexar*, 142 F.3d 848, 852 (5th Cir. 1998); *Performance Autoplex II Ltd. v. Mid-Continent Cas. Co.*, 322 F.3d 847, 862 (5th Cir. 2003). There are numerous factors to consider, yet Plaintiff makes no showing as to why the Court should accept this new evidence, he merely claims that it proves he has standing to bring his claims against the Comptroller and the Commissioner [Dkt. 28 at 4].  But even if the Court considered this evidence, it would confirm, not undermine, Judge Stetson's Report and Recommendation.  The Notice informs Plaintiff that "[his] property tax burden is decided by [the] locally elected officials" comprising the "governing body of [his] taxing unit."  [*Id.* at 8].  It further specifies who these officials are, and they are not Texas's Comptroller or Education Commissioner.  *See* [*id.*].

5

## IV. CONCLUSION

It is therefore **ORDERED** that the Report and Recommendation [Dkt. 27] is **ADOPTED**. The Comptroller and Commissioner's Motion to Dismiss [Dkt. 16] is hereby **GRANTED**.

It is further **ORDERED** that the Clerk of Court (1) **STRIKE** Plaintiff's First Amended Complaint [Dkt. 23] and (2) **TERMINATE** the Comptroller of Public Accounts and the Commissioner of Education as parties in this action.  Plaintiff's claims against the Governor, the Chief Appraiser, and the Board Members of the Appraisal Review Board remain pending.

**SIGNED this 30th day of April, 2026.**

_____
Michael J. Truncale
United States District Judge

5